Dillon, J.
About tbe year 1890, four persons, F. D. Simons, T. A. Simons, Herman Wirtb, Lafayette Wildermuth, tenants in common, platted a large number of lots in the village of Milo, this county. Immediately thereafter and in accordance with the agreement previously entered into between them, they quit-claimed to each other certain of these lots' so that each became the owner in fee simple of their proportionate number of said lots. In the quit-claim deed made by Wildermuth to the other three a provision was inserted as follows 4
“In consideration of the execution and delivery of this instrument the said grantees for themselves, their heirs, executors, administrators and assigns, do hereby agree with said Lafayette Wildermuth, his heirs and assigns, that they will not manufacture or sell or permit to be sold or manufactured upon said premises or any part thereof any spirituous, alcoholic or intoxicating liquors, ale, wine or beer, and that they will insert in *142 all conveyances and deeds for said lots that the grantees thereof, for themselves, their heirs and assigns receive and take such conveyance subject to the condition aforesaid, and that in case they or their heirs or assigns violate any of said conditions the conveyance to them shall be void and the lot or lots therein conveyed shall revert to the grantors thereof, their heirs and assigns. ’ ’
Subsequently thereto, the said T. A. Simons and Herman Wirth quit-claimed the property to Franklin D. Simons without out mentioning said covenant, and Franklin D. Simons then proceeded to sell the lots by warranty deed in which no mention was made of such covenants or conditions, and it has passed through several successive owners until one of the lots was purchased by the plaintiff herein and another of the lots purchased by the defendant. The defendant has erected a saloon and is engaged in the sale of intoxicating liquors on his lot, and the plaintiff setting forth these facts prays that the defendant may be enjoined from selling or permitting the sale of intoxicating. liquors upon his said lot.
The defense is that the foregoing conditions or restrictions were not made for the benefit of the plaintiff’s lots and further that the said Wildermuth owned but an undivided one-fourth of the said premises, and that he had no right or power to place any restrictions or conditions upon said lot. And further that the said T. A. Simons and F. D. Simons and Herman Wirth did not place any conditions or restrictions, and they waived it by deeding away their interests without mentioning such condition or restrictions.
Further the defendant says that the said Franklin D. Simons not only deeded to the defendant his lot free from any restrictions, but that the plaintiff received her lot through the same grantor without any restrictions as to her title.
It is sufficient to say upon recital of the foregoing defenses, and upon the authorities now so well established, that none of these constitute a defense to the plaintiff’s action.
For a fourth defense, however, the defendant claims that the plaintiff is estopped for the reason that she knew at the time the defendant purchased the lot the object and purpose for *143 which he so purchased it, and intended to use it, and, knowing all this, they stood by and permitted this defendant to erect a building on said lot and make other improvements, well knowing the objeet and purpose for which said building was being erected, and that they made no objection thereto; that the said plaintiff endeavored to sell him her lot for the same purpose and objeet; that by reason of these facts the plaintiff is estopped to maintain this action.
My «finding in this case is that the covenant exacted of the grantees by Wildermuth is binding even though he were but a one-fourth owner of the property, and that by the use of the words in the deed above quoted, this is a covenant running with the land, and as to which it is immaterial whether the subsequent grantees inserted t'he same clause in their deeds or not.
The authorities upon this point are too well settled to require this court to cite them.
It also seems manifest from the words used in this deed, and by all the circumstances of the platting of .these lots that insertion of this condition or covenant was for the benefit of the general community and adjacent lot owners of the addition. And this being the case the courts have established that any person may, for the sole and exclusive benefit of himself, enforce by injunction the observance of this covenant. The action of injunction, therefore, is purely personal to the plaintiff, and for his sole benefit, and advantage. The attempted enforcement of the covenant therefore by the means adopted in this case bring to bear upon the plaintiff in this ease all the rules of equity affecting such cases. Among others, it is proper for the defendant to invoke the doctrine of estoppel and laches if such be the case. Therefore, aside from the opinion of this court that the deed in question is fully sufficient to establish a covenant running with the land, and which will warrant the various forms of relief to which parties are thereby entitled, nevertheless such an order will not issue in the behalf of a particular person who by his own conduct has estopped himself.
The authorities are most numerous, and commencing with the ease of Whitney v. Union Railway Company, 11 Gray *144 (Mass.), 359, this doctrine has been maintained. As stated there in a similar case to the one at bar—
O. T. Clark, for plaintiff.
E. C. Turner, for defendant.
“It is very clear that a suit in equity to compel a compliance with such stipulations concerning the use of property must be seasonably commenced, before the persons in possession of the estate have expended money or incurred liabilities in erecting buildings or other structures upon the premises. It would be contrary to equity and good conscience to suffer a party to lie by and see acts done involving risk and expense by others and then permit him to enforce his rights and thereby inflict loss and damages upon parties acting in good faith. In such eases a prompt assertion of right is essential to a just-claim for relief and equity.”
See High on Injunctions, Section 1159, and cases there cited.
The evidence in this case satisfied me that the plaintiff here not only desired and was anxious to sell her own property to the defendant before he purchased his present lot for the very uses and purposes of which she now complains, but that she stood by after his purchase and permitted him to erect the present building and go to a large expense of fitting the same up, and, therefore, as this right is purely personal to the plaintiff for her sole use and benefit, the relief sought in this case must, on principle, be as to -this plaintiff denied. Exception noted. Appeal bond, $100.